**FILED**
**Dec 20, 2021**
**12:52 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **PAMELA STANSBURY,** | ) | **Docket No.:** **2021-08-0423** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No.: 69937-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ABIGAIL HUDGENS, Admin. of** | ) | **Judge Dale Tipps** |
| **SUBSEQUENT INJURY** | ) | |
| **FUND FOR THE TENN.** | ) | |
| **BUREAU OF WORKERS'** | ) | |
| **COMPENSATION.** | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS

---

The Court held an Expedited Hearing on December 14, 2021, to determine whether Ms. Stansbury is likely to prove at a hearing on the merits that she is entitled to additional medical and temporary disability benefits. Although all agreed that Ms. Stansbury suffered a compensable head injury, the Court holds that she did not meet her burden for the requested benefits and denies them at this time.

### History of Claim

While working at FedEx, Ms. Stansbury was struck in the head on October 21, 2020. FedEx provided a panel of physicians, from which she selected Dr. Alan Nadel.

Dr. Nadel diagnosed a mild posttraumatic headache, prescribed medication, and took Ms. Stansbury off work. After seeing her several times, he released her with no work restrictions on April 1, 2021, finding that nothing suggested any residual neurologic problems.

FedEx made temporary total disability payments from the date of injury until Dr. Nadel released her to return to work. However, due to the pandemic and transportation problems, Ms. Stansbury was unable to cash or deposit several of the temporary disability checks. The parties announced an agreement at the start of the hearing that FedEx would examine its payment records and reissue any disability benefits that had not been cashed or deposited.

In addition to the temporary disability benefit issue, Ms. Stansbury also sought payment of medical expenses she says she incurred for emergency treatment before FedEx offered her a panel. Further, she expressed dissatisfaction with Dr. Nadel's treatment.

FedEx contended that it has provided all the medical treatment and disability payments to which Ms. Stansbury is entitled. It argued that Ms. Stansbury did not present any evidence supporting her claim for additional benefits or a different medical provider.

### Findings of Fact and Conclusions of Law

For the Court to grant Ms. Stansbury's requests, she must prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). FedEx does not contest the compensability of her injury. Therefore, the question is whether she is likely to show she is entitled to the additional requested benefits.

*Medical Benefits*

Ms. Stansbury requested additional medical treatment and payment of past medical expenses.

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that the employer shall furnish, free of charge to the employee, medical treatment made reasonably necessary by the accident. Further, the employer shall designate a group of three or more independent reputable physicians, from which the employee shall select one to be the treating physician. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

Ms. Stansbury selected Dr. Nadel from a panel, and FedEx authorized treatment with him for several months. She offered no proof that FedEx ever refused to authorize a return to Dr. Nadel or that he refused to see Ms. Stansbury after he released her. Further, although Ms. Stansbury was dissatisfied with Dr. Nadel's treatment and felt she would have done better with another doctor, she has not offered medical proof or identified any legal basis that would justify an order changing her authorized physician.[1]

---

[1] Ms. Stansbury was very frustrated about her inability to get copies of Dr. Nadel's records, either from him or from FedEx, and she characterized this as a coverup. While the Court is sympathetic, it has no remedy

Regarding the medical expenses, in certain circumstances an employer might be held responsible for medical benefits obtained from a medical provider of the employee's choice. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 (Mar. 27, 2015). However, Ms. Stansbury stated in her petition that she received a panel of physicians "around October 28," or about a week after the accident. She presented no proof that FedEx knew of her need for emergency room treatment or failed to provide it. Without that evidence, the Court cannot order FedEx to pay for her unauthorized treatment.

For these reasons, Ms. Stansbury has not proven she is likely to prevail on her claims for additional medical benefits.

*Temporary Disability Benefits*

To receive temporary total disability benefits, Ms. Stansbury must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. For temporary partial disability benefits, she must show that her treating physician returned her to work with restrictions that FedEx either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

Beginning with the first category of benefits, the only medical opinion is Dr. Nadel's conclusion that Ms. Stansbury was unable to work after the injury until March 31, 2021. FedEx has paid temporary disability benefits for that entire period (or will pay under the parties' agreement). As to temporary partial disability, Ms. Stansbury offered no medical evidence of any work restrictions. Therefore, she is not likely to prove entitlement to additional temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Stansbury's claims against FedEx for additional benefits are denied at this time.

2. This case is set for a Scheduling Hearing on March 9, 2022, at 10:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED December 20, 2021.**

---

available under the current posture of the case.

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Stansbury's Rule 72 Declaration Under Penalty of Perjury
2. Wage Statement
3. Dr. Nadel's treatment notes
4. Dr. Nadel's Form C-30A (identification only)
5. EMT records
6. October 29, 2020 LaBonheur record (identification only)
7. Methodist Minor Medical record (identification only)
8. October 29, 2020 St. Francis record (identification only)
9. October 29, 2020 emergency room discharge record
10. October 29, 2020 St. Francis Final Report (identification only)
11. Emergency discharge instructions (identification only)
12. Records from Church Health (identification only)
13. Petition for Benefit Determination

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. FedEx's Pre-Hearing Brief

# CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on December 20, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Pamela Stansbury | X | | X | Pstans20@gmail.com |
| Stephen Miller, Employer's Attorney | | | X | smiller@mckuhn.com |
| Timothy Kellum, SIVRF Attorney | | | X | Timothy.kellum@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*